IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUY NHAT TRAN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-00979-X (BT) |
| | § | |
| U.S. IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* petitioner Huy Nhat Tran filed an application for habeas relief under

28 U.S.C. § 2241 challenging his immigration detention, and the Court issued an

order to show cause, directing the Government to respond to the Petition by April

30, 2026. *See* OSC (ECF No. 6). Petitioner also seeks leave to proceed *in forma*

*pauperis* (IFP). *See* IFP App. (ECF Nos. 4 & 12). But upon review, the Court

concludes that Petitioner can pay the $5.00 filing fee. Thus, the District Judge

should deny Petitioner's IFP motions and dismiss his case without prejudice unless

he pays the $5.00 filing fee within 30 days of an order accepting this

recommendation.

**Legal Standards and Analysis**

A federal district court may authorize a person to bring a civil action IFP—

that is, without the prepayment of fees—when the person submits an affidavit

establishing they cannot pay such fees or give security therefor. 28 U.S.C. §

1915(a)(1). The goal of this provision is to allow access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016). Courts consider plaintiff's assets, income together with his spouse's income, and expenses. *See, e.g.*, *Pryor v. J.B. Hunt Transp. Servs., Inc.,* 2023 WL 6057308, at *1 (N.D. Miss. June 22, 2023) ("Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income, including the income of plaintiff and her spouse, expenses, and any other property or assets the individual possesses."). Courts may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden*, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022), *rec. accepted* 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

Here, Petitioner has submitted two IFP motions, and in each one he confirms that he has $10,400 in a checking or saving account. ECF No. 4 at 2; ECF No. 12 at 2.

Based on the information provided, the Court cannot conclude that payment of the $5.00 filing fee for habeas actions would cause Petitioner undue financial hardship. Though he notes that the money in his bank account is being used to support his family (he has a wife and 12-year-old child), the filing fee is only $5.00 and paying it would not impose an undue financial hardship.

## Recommendation

The District Judge should **DENY** Petitioner's motions for leave to proceed *in forma pauperis* (ECF Nos. 4 & 12) and dismiss his case without prejudice unless he pays the $5.00 filing fee within thirty days of an order accepting this recommendation.

**SO RECOMMENDED**.

Dated April 16, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).