IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUY NHAT TRAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-00979-X (BT) |
| | § | |
| U.S. IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Huy Nhat Tran filed a habeas petition under 28 U.S.C. § 2241, challenging his immigration detention. Amend. Pet. (ECF No. 9). He sought release from Immigration Customs Enforcement (ICE) custody. *Id.* at 8. But Petitioner was removed from the United States after filing his petition. *See* Not. of Removal (ECF No. 21). Accordingly, the District Judge should **DISMISS** the petition as moot.

Article III limits federal jurisdiction to "'Cases' and 'Controversies.'" *U. S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot when intervening events make it impossible for the court to grant the prevailing party any effectual relief. *Church of Scientology v. U. S.*, 506 U.S. 9, 12 (1992); *see also Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008)). Because mootness deprives the Court of subject matter jurisdiction, the Court must *sua sponte* consider whether intervening events, such as a habeas petitioner's removal

from the country, have rendered the case moot. *See*, *e.g.*, *Raphael O. v. U.S. Dep't of Homeland Sec.*, 2020 WL 13490738, at *1 (N.D. Tex. Feb. 21, 2020) (Toliver, J.), *rec. accepted* 2020 WL 13490739 (N.D. Tex. Mar. 23, 2020) (Boyle, J.).

Here, Petitioner challenged his pre-removal detention in ICE custody. *See* Amend. Pet. at 6-8. But Petitioner has since been removed from the United States and is no longer in ICE custody. *See* Not. of Removal. Thus, the Court cannot grant him any effectual relief.

Petitioner Huy Nhat Tran's 28 U.S.C. § 2241 habeas petition is moot and should be **DISMISSED** without prejudice *See*, *e.g.*, *Chay v. Holder*, 470 F. App'x 406, 06-07 (5th Cir. 2012) (per curiam); *U. S. v. Boston*, 419 F. App'x 505, 506 (2011) (per curiam) ("If the only relief sought by [a petitioner] cannot be granted, the case is moot."); *see also Oguntuyi v. Manuel*, 2025 WL 2399184, at *2 (W.D. La. July 21, 2025) ("Here, Petitioner challenged the lawfulness of his continued detention. Because Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot."), *rec. accepted* 2025 WL 2398645 (W.D. La. Aug. 18, 2025).

SO RECOMMENDED.

June 30, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).